## Matthis v. Commonwealth.

(Decided September 28, 1928.)

### Appeal from Bell Circuit Court.

1. Homicide.—Undisputed evidence that deceased threw a large rock at his mother-in-law, standing on porch of her home, and that he refused to heed warning of defendant, his brother-in-law, not to throw any more rocks, and was preparing to throw another rock, held to establish a clear case of self-defense, or defense of defendant's mother, and verdict of manslaughter was not warranted.

2. Homicide.—Where undisputed evidence clearly established self-defense, or defense of defendant's mother, it was duty of Court of Appeals to reverse judgment convicting defendant of manslaughter.

ISHAM G. LEABOW for appellant.

J. W. CAMMACK, Attorney General, and SAM B. KIRBY, JR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of voluntary manslaughter and sentenced to serve seven years in the penitentiary. From that judgment of conviction he appeals.

His sole ground for reversal is that the verdict is flagrantly against the evidence, and in this we agree. There is no difference between the proof offered by the commonwealth and that offered by the appellant, although the latter is somewhat fuller in its details. The appellant and the deceased, Dewey Sharp, were brothers-in-law. They worked at the same mine and lived in the same home. The mine in which they worked was located some distance away from where they lived, and they

were accustomed to stay near the mine during the week, and to return home over the week end. In accordance with this custom they did return home one Friday evening in the spring of 1925. Dewey Sharp was ailing. He was quite ill Friday night, and the family were up and down all night waiting upon him. On Sunday afternoon, Sharp announced his intention of returning to the mines to work. His wife, the sister of the appellant, protested on account of his illness against his going. She hid his hat in the effort to keep him at home, and this seems to have angered him, for he grabbed her, gave her a good shaking, and perhaps struck her. Her mother protested against this treatment of her daughter, whereupon Sharp in anger left the home and started down the yard, followed by his wife. They had gotten a short distance away from the home, when he either threw his wife to the ground or knocked her down. At this time the appellant and his mother were standing on the porch of their home, just in front of the front door. Sharp, when he knocked his wife down, muttered something about going back to the house and "getting" those who were there. All of the witnesses, both for the commonwealth and for the appellant, agree that Sharp, as he turned towards the house, after having thrown or knocked his wife down, picked up a large rock and threw it at his mother-in-law. The rock just grazed her head and broke in pieces on the side of the house. Sharp then advanced toward the house, stopped, and picked up another rock, which the witnesses say was a large one weighing from one to two pounds.

At this juncture the appellant cried out to Sharp not to throw any more rocks, but this warning was unheeded by Sharp. As he drew back to throw again, the appellant quickly reached around the jamb of the door where he was standing, took a pistol off of a nail, and fired at Sharp, hitting him in the side. Sharp died some three days later. There being no dispute in the evidence concerning the facts as we have outlined them above, there is nothing to support the verdict of conviction, as a clear case of self-defense, or defense of appellant's mother, by the appellant, was established. Under such circumstances, it is the duty of this court to reverse the judgment. Smith v. Commonwealth, 224 Ky. 446, 6 S. W. (2d) 464.

It is so ordered.